IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| VICKI MOORE, | § | |
| Plaintiff, | § | |
| VS. | § | NO. 4:17-CV-256-A |
| GOLDEN CORRAL CORPORATION, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Golden Corral Corporation, for summary judgment. The court, having considered the motion, the response of plaintiff, Vicki Moore, the reply, the record, the summary judgment evidence, and applicable authorities, finds that the motion should be granted.

I.

### Plaintiff's Claim

The operative pleading is plaintiff's first amended complaint filed April 28, 2017. In it, plaintiff says that she was injured on or about April 25, 2015, at defendant's premises when she "slipped and fell due to water which was leaking in the restroom." Doc.[1] 9 at 2, ¶ 8. Plaintiff says that defendant knew or should have known of the dangerous condition but failed to exercise reasonable care to eliminate the risk. Id. at ¶ 9.

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

II.

## Grounds of the Motion

Defendant urges two grounds in support of its motion. First, defendant did not have actual or constructive knowledge of a hazardous condition. Second, even if defendant did have such knowledge, it adequately warned plaintiff of the condition.

III.

## Applicable Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates

a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[2] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.

---

[2] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

3

Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

IV.

Analysis

This is a diversity case in which Texas law applies. Cleere Drilling Co. v. Dominion Exploration & Prod., Inc., 351 F.3d 642, 646 (5th Cir. 2003). In Texas, an owner/occupier owes a duty to use reasonable care to make and keep its premises safe for business invitees. Clayton Williams, Jr., Inc. v. Olivo, 952 S.W.2d 523, 527 (Tex. 1997). The elements of a cause of action for premises liability are: (1) existence of a condition of the premises creating an unreasonable risk of harm; (2) the owner/occupier knew or should have known of the existence of the condition; (3) the owner/occupier failed to use reasonable care to reduce or eliminate the risk by rectifying or warning of the condition; and (4) such failure was a proximate cause of plaintiff's injury. CMG Homes, Inc. v. Daenen, 15 S.W.3d 97, 99 (Tex. 2000); Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992). An owner/occupier is not an insurer of the safety of its guests; it is not liable to invitees for conditions of which it did not have actual or constructive knowledge. Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 814 (Tex. 2002).

To prevail on the notice element of her claim, plaintiff must show that:(1) defendant actually created the condition; (2) defendant actually knew that the condition existed; or (3) it is more likely than not that the condition existed long enough to give defendant reasonable notice of it. Reece, 81 S.W.3d at 814. Further, the proximity of an employee to the location where the incident occurred merely indicates that it was possible for the owner/occupier to discover the condition, not that it reasonably should have discovered the condition. There must be temporal evidence of the amount of time that the condition had existed. Id. at 816-17.

Here, as defendant points out, plaintiff cannot, and has not, produced any evidence to show that defendant knew or should have known of an unreasonably dangerous condition. Although plaintiff alleges that she slipped on water that was leaking, she offers no evidence that such was the case. Nor does she describe the water in any manner to show that any other person would have known of its presence or to show how long the condition had existed. At most, plaintiff's evidence might show a possibility that the dangerous condition existed, which is insufficient to establish her claim. Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998).

As in <u>Threlkeld v. Total Petroleum, Inc.</u>, plaintiff offers no proof that defendant caused the harmful condition; that its employees either saw or were told of the harmful condition prior to plaintiff's alleged injury therefrom; or that the condition was present for so long that it should have been discovered in the exercise of reasonable care. 211 F.3d 887, 892 (5th Cir. 2000). In <u>Threlkeld</u>, the evidence showed that, at worst, the restroom where the plaintiff slipped and fell on water went unobserved by defendant's employees for forty-five minutes, which was insufficient to establish that the water was present for so long a time as to give defendant actual or constructive knowledge of its presence. 211 F.3d at 894. Here, the evidence establishes that the restroom where plaintiff fell was inspected by defendant's staff every twenty minutes. Doc. 42 at GOL 00009.

There is simply insufficient evidence to raise a genuine issue of material fact as to an essential element of plaintiff's claim. The court need not address the second ground of the motion.

V.

Order

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing

on her claims against defendant; and, that such claims be, and are hereby, dismissed with prejudice.

SIGNED October 31, 2017.

_____
JOHN McBRYDE
United States District Judge